# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. GEORGE MILTER and<br>LISA MARIE LOGUIDICE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF<br>AMERICA, et al.,<br><br>Defendants. | No. 4:17-CV-00251<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### JUNE 12, 2018

The United States Bureau of Prisons and Noel Trusal (together, the "BOP Defendants") moved to dismiss portions of Plaintiffs' complaint or, in the alternative, for summary judgment on some of Plaintiffs' claims. For the reasons that follow, that motion will be granted in part and denied in part.

## I.  BACKGROUND

On January 9, 2017, Plaintiffs S. George Milter and Lisa Marie LoGuidice sued Defendants, alleging that Mr. Milter received inadequate medical care while incarcerated.[1] Plaintiffs' complaint contains claims under the Eighth Amendment, the Federal Tort Claims Act ("FTCA"), and state tort law. The claims are brought

---

[1] ECF No. 1.

against the United States Bureau of Prisons ("BOP"); Noel Trusal, a BOP nurse; and other, unidentified BOP medical employees ("Medical Employees"); the Geisinger Health Care System; and Dr. David J. Ball.

## II. DISCUSSION

### A. Whether Mr. Milter Can Bring an Eighth Amendment Claim Against the BOP

The BOP argues that this Court should dismiss Mr. Milter's Eighth Amendment claim against it because constitutional claims are not cognizable under the FTCA.[2] Plaintiffs do not address that argument. Therefore, this Court will dismiss Count I of Plaintiffs' complaint with prejudice.

### B. Whether Plaintiffs Were Required to Administratively Exhaust Their Remedies Before Filing Their Constitutional Claims

The BOP Defendants argue that this Court should dismiss Plaintiffs' constitutional claims because those claims were not administratively exhausted.

The Prison Litigation Reform Act ("PLRA") requires plaintiffs to exhaust administrative remedies before bringing an action under federal law "with respect to prison conditions."[3] The United States Court of Appeals for the Third Circuit, however, has noted that such "failure to exhaust is an affirmative defense [that] the

---

[2] In support, the BOP Defendants cite *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) ("[W]e conclude that [plaintiff's] constitutional tort claim is not 'cognizable' under" the FTCA.).

[3] 42 U.S.C. § 1997e(a).

defendant must plead and prove" which "necessarily involves a factual inquiry."[4] The BOP Defendants have not yet filed an answer to Plaintiffs' complaint, and the parties have not yet engaged in any discovery, so this Court will deny the BOP Defendants' motion to dismiss Plaintiffs' constitutional claims (and their alternative motion for summary judgment on those claims). This Court will, however, allow limited discovery on the exhaustion issue, and grant the BOP Defendants leave to renew their motion for summary judgment at the conclusion of that discovery period.

### C. Whether Ms. Trusal Is Entitled to Immunity Against the Constitutional Claims

The BOP Defendants argue that Ms. Trusal is entitled to statutory immunity as a Public Health Service Official.[5] Plaintiffs agree.[6] Therefore, this Court will dismiss the constitutional claims against her with prejudice.

### D. Whether Plaintiffs Can Maintain Their FTCA Claims Against Ms. Trusal and the Medical Employees

The BOP Defendants argue that Plaintiffs' negligence claims against Ms. Trusal and the Medical Employees should be dismissed because the FTCA indicates that the exclusive remedy for such torts is an action against the United

---

[4] *Small v. Camden County*, 728 F.3d 265, 268, 271 (3d Cir. 2013).

[5] *See* 42 U.S.C. § 233(a).

[6] Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 24) at 6 ("While Defendant Trusal is entitled to sovereign immunity . . .").

States itself.[7] Since Plaintiffs have raised FTCA claims directly against the government in Counts II and VIII, this Court will dismiss the negligence claims brought against the government employees with prejudice.

### E. Whether Plaintiffs Were Required to Administratively Exhaust Their Remedies Before Filing Their FTCA Claims

The BOP argues that this Court should dismiss Plaintiffs' FTCA claims because those claims were not administratively exhausted.

The FTCA requires a plaintiff to administratively exhaust his claims before filing suit in federal court.[8] The Third Circuit has held that this exhaustion requirement is jurisdictional, and cannot be waived.[9] Plaintiffs—who "bear the burden of demonstrating subject matter jurisdiction"[10]—have not pled exhaustion; therefore, this Court must dismiss the FTCA claims. That dismissal will be without prejudice, however, and this Court will grant Plaintiffs leave to amend their complaint to rectify this deficiency.

## III. CONCLUSION

For the reasons discussed above, this Court will dismiss Count I with prejudice, Count II without prejudice, Count III against Ms. Trusal with prejudice,

---

[7] 28 U.S.C. §2679(b)(1); *see also United States v. Smith*, 499 U.S. 160, 165-66 (1991).

[8] 28 U.S.C. § 2675. Compare with the exhaustion requirement for constitutional claims, discussed *supra* in § II.B.

[9] *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009).

[10] *Id.*

Count IV with prejudice, and Count VIII against Ms. Trusal and the Medical Employees with prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge